UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JASON ROBERT WALLEN, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:19-CV-535-HAB-SLC |
| MICHAEL POLLEY, et al., | |
| Defendants. | |

OPINION AND ORDER

Jason Robert Wallen, a prisoner without a lawyer, filed this lawsuit seeking monetary damages from four defendants. He alleges Deputy Michael Polly illegally searched him on October 17, 2020, after Deputy Jerry Weber slandered him. He alleges Sheriff Doug Harp held him in jail for four months while Prosecuting Attorney Eric Blackman prosecuted him under cause number 57D01-1710-F2-8 in Noble County. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Wallen signed the complaint on November 24, 2019. ECF 1 at 11. Assuming he mailed it from the Noble County Jail the same day, he gets the benefit of the mailbox

rule which allows incarcerated litigants to have their papers "filed" on the day they are deposited in the institution's internal mail system. *Edwards v. United States*, 266 F.3d 756, 758 (7th Cir. 2001). However, even if it was filed on November 24, 2019, his claims against Deputy Michael Polly and Deputy Jerry Weber are still untimely. "Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001). Though the statute of limitations is an affirmative defense, "a plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted). Such is the case here. Wallen alleges Deputy Michael Polly illegally searched him and Deputy Jerry Weber slandered him on October 17, 2017, more than two years before he filed this lawsuit. Suing these defendants after the statute of limitations has expired is legally frivolous.

Wallen alleges Sheriff Doug Harp held him in jail for four months while he was being prosecuted. Some of those months were within the statute of limitation. However, these allegations do not state a claim. Wallen does not allege, and it is not plausible to infer, that he was being held in jail for four months without a court order. Indeed, Wallen's allegations against Prosecuting Attorney Eric Blackman confirm he was being held because of the judicial proceedings against him. Because he was being held pursuant to a court order, Sheriff Doug Harp was not violating his constitutional rights by keeping him in jail. Therefore these allegations do not state a claim for which relief can be granted.

Wallen also alleges Prosecuting Attorney Eric Blackman prosecuted him. However, "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). *See also Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) ("Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." (quotation marks and citation omitted)). Wallen alleges he was prosecuted maliciously and the Prosecuting Attorney opposed his criminal defense attorney's efforts to have the police dash cam video watched sooner. However, those were all actions taken within his authority as a prosecutor and therefore prosecutorial immunity precludes this claim even though some of the prosecution occurred within the statute of limitations.

Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed sua sponte, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). For the reasons previously explained, such is the case here.

For these reasons, this case is **DISMISSED** as pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915A(b)(2).

       SO ORDERED on March 26, 2020.

                            s/ Holly A. Brady
                            JUDGE HOLLY A. BRADY
                            UNITED STATES DISTRICT COURT